IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 316-002 |
| | ) | |
| CECIL WHITE | ) | |

**O R D E R**

Before the Court are the various pretrial discovery motions filed by Defendant. Many (if not all) discovery issues should be addressed in full by the Court's rulings below and the liberal discovery policy that the government has confirmed it is applying in this case. To the extent, if any, either party believes there are specific inadequacies in the discovery exchanged to date that are not addressed below, the Court directs such party to confer in good faith with the opposing party and file, if necessary, a discovery motion and supporting brief within seven days from the date of this Order.

**GENERAL DISCOVERY MOTION**

As to Defendant's general discovery requests, he does not allege any specific inadequacies in the discovery provided by the government to date, presumably because of the government's statement that it has followed in this case its customary practice of providing liberal discovery by furnishing Defendant with one DVD containing the investigative file for this case, excepting attorney and agent product, and Defendant's criminal history. (Doc. no. 24, p. 1.) All known statements, if any, by Defendant have also been provided. (Id. at 2.)

Accordingly, the Court finds that the position of the United States Attorney in permitting liberal disclosure of the government's file pertaining to this case renders the general discovery requests **MOOT**. (Doc. no. 15.)

### **MOTIONS FOR DISCLOSURE OF NAMES, ADDRESSES, AND CRIMINAL RECORDS OF WITNESSES**

Defendant has filed two motions requesting that the government be ordered to furnish the names and addresses, as well as the criminal records, of witnesses. In non-capital cases such as this case, a defendant is generally not entitled to a list of government witnesses. United States v. Massell, 823 F.2d 1503, 1509 (11th Cir. 1987); United States v. Johnson, 713 F.2d 654, 659 (11th Cir. 1983); United States v. Colson, 662 F.2d 1389, 1391 (11th Cir. 1981). While this Court retains the right to exercise its discretion in permitting Defendant to have access to a list of government witnesses, at most the government would be required to comply with this request not more than fourteen days prior to trial. Therefore, the Court **DENIES** the motion for a witness list. (Doc. no. 22.) However, as a practical matter, it would appear that Defendant will be receiving much of this information because of the government's liberal discovery policy and because of the government's obligation to disclose material pursuant to the Jencks Act and/or Brady v. Maryland, 373 U.S. 83 (1963).

The Court next turns to the request for the disclosure of prior criminal conduct and uncharged bad acts of witnesses. The Confrontation Clause guarantees defendants an opportunity to impeach the testimony of prosecution witnesses through cross examination. United States v. Maxwell, 579 F.3d 1282, 1295-96 (11th Cir. 2009); United States v. Yates,

438 F.3d 1307, 1318 (11th Cir. 2006) (*en banc*); United States v. Lyons, 403 F.3d 1248, 1255-56 (11th Cir. 2005); United States v. Baptista-Rodriguez, 17 F.3d 1354, 1370 (11th Cir. 1994). However, this right is not unlimited. Although Federal Rule of Evidence 608(b) allows cross examination of a witness as to specific instances of misconduct, the government does not have a duty to investigate each witness. This Rule must also be construed to limit cross examination to those acts of conduct "which are probative of the witness's truthfulness or untruthfulness," such as forgery, bribery, misrepresentation, fraud, perjury, receipt of stolen property, robbery, and theft. 4-608 Weinstein's Federal Evidence § 608.22. Moreover, the government has stated its intent to provide, one week prior to trial, rap sheets or criminal convictions of witnesses which the government learns about and which could properly be used for impeachment under Federal Rule of Evidence 609. (Doc. no. 24, p. 1.) Beyond the government's continuing duty to disclose under Brady v. Maryland, 373 U.S. 83 (1963), and the parameters discussed herein, the Court **DENIES** Defendant's request for disclosure of prior crimes of witnesses. (Doc. no. 14.)

## **MOTION FOR DISCLOSURE OF EXAMINATIONS AND TESTS**

Defendant moves for disclosure of the results of any tests or examinations which are in the custody or control of the government, including tests conducted on the defendant and witnesses. To the extent Defendant is requesting information under Fed. R. Crim. P. 16(a)(1)(F) and (G), the government will be disclosing this information through its liberal discovery policy. Indeed, the government states that the results of any scientific tests have been provided, and if any additional tests are conducted in the future, the results will be

3

provided upon receipt. (Doc. no. 24, p. 2.) To the extent that Defendant requests information beyond Rule 16(a)(1), the Court **DENIES** the motion. (Doc. no. 16.)

### **MOTION FOR PRODUCTION OF SUBSTANCE OF HEARSAY STATEMENTS**

As the Court trusts that counsel for the government is thoroughly familiar with the notice requirements of Rule 807 and will provide such notice to Defendant, this request is **MOOT**. (Doc. no. 17.)

### **MOTION TO RESERVE THE RIGHT TO FILE ADDITIONAL MOTIONS**

The Court **DENIES** this motion filed by Defendant. (Doc. no. 18.) The Court ordered that all motions in this case were to be filed within fourteen days of the date of arraignment. A motion may not be filed outside the deadlines set at arraignment except by leave of court upon a showing of cause. United States v. Smith, 918 F.2d 1501, 1509 (11th Cir. 1990); see Fed. R. Crim. P. 12(c). This Order, however, does not prohibit Defendant from making his showing of cause contemporaneously with the filing of out-of-time motions.

### **MOTION FOR NOTICE BY THE GOVERNMENT OF THE INTENTION TO RELY UPON OTHER CRIMES EVIDENCE PURSUANT TO FEDERAL RULE OF EVIDENCE 404(b)**

Defendant seeks notice of the government's intention to use at trial evidence of "other crimes, wrongs or acts" under Fed. R. Evid. 404(b). This motion is **MOOT** (doc. no. 19) because the Court, in its Arraignment Order, directed the government to provide such notice in accordance with the Local Rules.

### **MOTION TO ALLOW PARTICIPATION IN VOIR DIRE**

The Court **GRANTS** this motion. (Doc. no. 20.) Unless otherwise directed by the

presiding District Judge, counsel must submit to the Court, not later than seven days prior to trial, a list of questions which they desire to ask prospective jurors.

SO ORDERED this 19th day of May, 2016, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA